# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**SIXTO CASTILLO,**

        **Applicant,**

**v.**                              **CIV-06-0811 BB/LAM**

**TIMOTHY HATCH, et al.,**

        **Respondents.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

1.      **THIS MATTER** is before the Court on *Respondent's [sic] Motion to Strike Patricia A. Madrid, Attorney General, as a Named Respondent* (*Doc. 7*) (hereinafter, "Motion to Strike") and *Respondent's[sic] Motion to Dismiss Petition With Prejudice* (*Doc. 8*) (hereinafter, "Motion to Dismiss"), both filed on October 30, 2006.  The Court has considered the parties' submissions and relevant law.[2]  For the reasons set forth below, the Court  recommends that the

---

[1] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

[2] In support of their Motion to Dismiss (*Doc. 8*), Respondents filed their *Respondent's[sic] Memorandum in Support of Motion to Dismiss Petition With Prejudice* (*Doc. 9*) (hereinafter, "Memorandum in Support"), on October 30, 2006.  In response to both the Motion to Dismiss and the Motion to Strike, Mr. Castillo filed his *Petitioners[sic] Response to Respondents[sic] Motion to Dismiss Petitioners[sic] Petition and Respondants[sic] Motion to Strick[sic] Patricia Madrid as Respondant* (*Doc. 14*) (hereinafter, "Response"), on December 28, 2006. Thereafter, Respondents filed their *Respondent's[sic] Response to Petitioner's Response to Respondent's[sic] Motion to Dismiss Petition* (*Doc. 16*), which the Court construes as a reply to the Response with regard to the Motion to Dismiss (hereinafter, "Reply"), on January 18, 2007.

Motion to Strike be **GRANTED**, the Motion to Dismiss be **GRANTED**, Mr. Castillo's ***Application***

***for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** (*Doc. 1*)

(hereinafter, "Application") be **DENIED** as without merit, and this case be **DISMISSED WITH**

**PREJUDICE**.  Because the issues in this case can be resolved on the record before the Court, the

Court **FINDS** that an evidentiary hearing is unnecessary.[3]

2.      Mr. Castillo is incarcerated and proceeding *pro se*.  He is incarcerated pursuant to a

judgment, sentence and commitment entered in the Ninth Judicial District Court of Curry County,

New Mexico, on August 27, 2002, in criminal case No. D-0905-CR-0200100031.[4]

3.      On August 31, 2006, Mr. Castillo  initiated this habeas proceeding by filing his

Application seeking habeas relief pursuant to 28 U.S.C. § 2254.  Because Mr. Castillo is a *pro se*

litigant, the Court construes his Application liberally and holds it to a less stringent standard than

pleadings drafted by an attorney.[5]

4.      Although the claims in Mr. Castillo's Application are somewhat difficult to

understand, the Court liberally construes his claims as follows: (a) the State erred in his criminal case

by not obtaining a written plea agreement as required by a state procedural rule, Rule 5-304 NMRA,

and a grand jury manual; (b) his constitutional right to effective assistance of counsel was violated

because his attorney failed to ensure that his plea agreement was in writing as required by Rule 5-

304 NMRA; (c) the state prosecutor in his criminal case engaged in prosecutorial misconduct by

---

[3]*See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *Anderson v. Attorney General of Kan.*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record.").

[4]*See **Answer*** (*Doc. 10*) (hereinafter, "Answer"), Exhibit A.

[5]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

failing to secure a written plea agreement; and (d) the judge in his criminal case abused his discretion by not requiring that the plea agreement between the State and Mr. Castillo be made in writing.[6]  As relief, Mr. Castillo asks the Court to "grant him such relief to which he may be entitled in this proceeding."[7]

5.      In their Answer and their Motion to Dismiss, Respondents ask the Court to deny Mr. Castillo's Application and dismiss this case with prejudice for failure to state a meritorious claim under § 2254.[8]

## I. Motion to Strike

6.      As an initial matter, the Court considers Respondents' Motion to Strike.  In the Motion to Strike, Respondents ask the Court to strike Patricia Madrid, who is the former Attorney General of New Mexico, from the caption of this case and as a named respondent.[9]  In support of this motion, Respondents argue that the Attorney General of New Mexico is not a proper respondent in this case because the Attorney General does not have custody of Mr. Castillo.

7.      Mr. Castillo is currently in custody under a state court judgment which he challenges in this proceeding.[10]  In Mr. Castillo's Application, he named as respondents Timothy Hatch, the warden of the facility where Mr. Castillo is incarcerated, and Patricia Madrid, who at the time the

---

[6]*See* Application (*Doc. 1*), and hand-written attachment to Application (*Doc. 1*) at 1-3.

[7]Application (*Doc. 1*) at 13.

[8]*See* Answer (*Doc. 10*) at 4; Motion to Dismiss (*Doc. 8*) at 2.

[9]*See* Motion to Strike (*Doc. 7*) at 1.

[10]A copy of this judgment is attached to Respondents' Answer (*Doc.* 10) as Exhibit A.

Application was filed was the Attorney General of New Mexico.[11]   The Court agrees with Respondents that the Attorney General of New Mexico is not a proper respondent in this case. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody."  The 1976 Advisory Committee Note to Rule 2(a) explains that "[t]he proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Mr. Castillo has satisfied the requirement of Rule 2(a) by naming the warden of his facility, Mr. Hatch, as a respondent in this case.  He need not name the Attorney General of New Mexico as an additional respondent.  Therefore, the Court recommends that Respondents' Motion to Strike be granted and that Patricia Madrid, who does not have custody of Mr. Castillo, be dropped as a respondent in this case.[12]

## II.  Exhaustion of State Court Remedies

8.      A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254.[13]   The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest

---

[11]See Application (*Doc. 1*) at 1.

[12]The Court has authority to delete improper parties from this case pursuant to Fed. R. Civ. P. 21 which provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  Rule 21 is made applicable to this case by Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts which makes the Federal Rules of Civil Procedure applicable to § 2254 proceedings to the extent that they are not inconsistent with any statutory provisions or provisions of the § 2254 habeas rules.

[13]See 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10 Cir. 2002).

4

state court, either by direct review of the conviction or in a postconviction attack."[14]   In their Answer

and their Motion to Dismiss, Respondents concede that Mr. Castillo has exhausted state remedies

with regard to his claims by presenting those claims to the New Mexico Supreme Court in a state

habeas corpus proceeding.[15]   Having reviewed the record of this case, the Court agrees with

Respondents that Mr. Castillo has satisfied the exhaustion requirement in 28 U.S.C. 2254(b)(1)(A)

with regard to the claims in his Application.

### III.  Factual and Procedural Background

9.       On April 17, 2002, during the course of his trial in criminal case No. D-0905-CR-

0200100031, Mr. Castillo, represented by his attorney, Charles Plath, and the prosecutor,

Brett Carter, reached an oral agreement pursuant to which Mr. Castillo pled guilty to the following

charges: (a) Count V - attempted armed robbery, a third degree felony; (b) Count VI - attempted

armed robbery, a third degree felony; (c) Count XII - armed robbery, a second degree felony and a

serious violent offense; and (d) Count XXII - armed robbery, a second degree felony and a serious

violent offense, with a one year firearm enhancement.[16]   This oral plea agreement, the entry of

Mr. Castillo's guilty plea and the trial judge's acceptance of Mr. Castillo's guilty plea, were recorded

on an audio tape recording made by the state district court.  A copy of this tape recording, designated

"Tape No. 7, April 17, 2002" (hereinafter, "Tape No. 7"), which has not been transcribed, was filed

---

[14]*Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

[15]*See* Answer (*Doc. 10*) at 2; Motion to Dismiss (*Doc. 8*) at 2.

[16]*See* Answer (*Doc. 10*), Exhibit A at 1.

in this case by Respondents on October 31, 2006.[17]   It is undisputed that there was no written plea agreement in Mr. Castillo's criminal case.

        10.      On August 27, 2002, the trial judge entered a judgment, sentence and commitment in Mr. Castillo's criminal case in which he sentenced Mr. Castillo to a total of twenty-five years in prison, followed by a period of parole.[18]

        11.      Mr. Castillo did not pursue a direct appeal of his conviction or sentence; however, on October 17, 2002, he filed a motion for reconsideration of his sentence which was denied.[19]

        12.      On February 3, 2003, Mr. Castillo filed a petition for a writ of habeas corpus in the state district court.[20] This petition was dismissed as being without merit on February 2, 2006.[21]

        13.      On February 27, 2006, Mr. Castillo filed a petition for a writ of certiorari with the New Mexico Supreme Court, seeking review of the dismissal of his state habeas petition.[22]   On March 10, 2006, the New Mexico Supreme Court entered an order denying this petition.[23]

---

[17]*See Notice re: Filing of Tape No. 7, April 17, 2002, as Part of the Answer* (*Doc. 11*), giving notice of the filing of a copy of Tape No. 7 by Respondents.

[18]*See* Answer (*Doc. 10*), Exhibit A.   The trial judge in Mr. Castillo's criminal case was Judge Robert C. Brack, who was subsequently appointed as a United States District Judge in the District of New Mexico.

[19]*See* Answer (*Doc. 10*), Exhibit B.

[20]*See* Answer (*Doc. 10*), Exhibit E.

[21]*See* Answer (*Doc. 10*), Exhibit H.

[22]*See* Answer (*Doc. 10*), Exhibit I.

[23]*See* Answer (*Doc. 10*), Exhibit J.

Mr. Castillo subsequently filed a motion for reconsideration which the New Mexico Supreme Court denied in an order entered on April 12, 2006.[24]

14.      On August 31, 2006, Mr. Castillo filed his Application for federal habeas relief in this Court, initiating this proceeding.[25]   His Application was timely filed.

### IV.  Claims for Habeas Corpus Relief

### A.  Standards of Review

15.      The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996[26] (hereinafter, "AEDPA"),  govern this case.[27]  The Court cannot grant Mr. Castillo habeas relief pursuant to 28 U.S.C. § 2254(d), unless the decision in his state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2).   The United States Supreme Court has construed these statutory provisions, and established rules for applying them, in a series of cases decided since the enactment of AEDPA.[28]

---

[24]*See* Answer (*Doc. 10*), Exhibit K.

[25]*See* Application (*Doc. 1*).

[26]110 Stat. 1214.

[27]The standards in AEDPA apply to this case because the Application was filed after the effective date of AEDPA which was April 24, 1996.  *See Upchurch v. Bruce*, 333 F.3d 1158, 1162 (10th Cir. 2003), *cert. denied*, 540 U.S. 1050 (2003).

[28]*See, e.g., Fry v. Pliler*, ___ U.S. ___, 75 U.S.L.W. 4404 (U.S. Jun. 11, 2007); *Bell v. Cone*, 543 U.S. 447 (2005) (*per curiam*); *Mitchell v. Esparza*, 540 U.S. 12 (2003) (*per curiam*); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Lockyer v. Andrade*, 538 U.S. 63 (2003); *Woodford v. Visciotti*, 537 U.S. 19 (2002) (*per curiam*); *Early v. Packer*, 537 U.S. 3 (2002) (*per curiam*); *Ramdass v. Angelone*, 530 U.S. 156 (2000); *Williams v. Taylor*, 529 U.S. 362 (2000);

(continued...)

16.     The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" in 28 U.S.C. § 2254(d)(1), "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

17.     Under 28 U.S.C. § 2254(d)(1), a state court decision is "contrary to" United States Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law." *Williams v. Taylor*, 529 U.S. at 413.  A state court decision is also "contrary to" Supreme Court precedent "if the state court decides [the] case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.*  However, a state court decision is not "contrary to" Supreme Court precedent "simply because the court did not cite [Supreme Court] opinions . . . .  [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002)). *See also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (noting presumption that state courts know and follow the law); *Miller v. Mullin*, 354 F.3d 1288, 1292-1293 (10th Cir. 2004) (AEDPA applicable notwithstanding state court's failure to cite or discuss federal case law).  Indeed, a state court need not even discuss the federal law applicable to a claim in order for AEDPA standards to apply.  So long as the state court does not dismiss a claim on procedural grounds, a federal court applies the AEDPA standards regardless of whether there is any reasoning supporting

---

[28](...continued)
*see also Bush v. Neet*, 400 F.3d 849 (10th Cir. 2005); *Jackson v. Ray*, 390 F.3d 1254 (10th Cir. 2004); *Miller v. Mullen*, 354 F.3d 1288 (10th Cir. 2004).

the "decision."[29]  Moreover, if a state court's decision does not conflict with the  reasoning or the holdings of Supreme Court precedent, the decision is not "contrary to" such precedent under 28 U.S.C. §2254(d)(1) simply because the federal court holds a different view where Supreme Court precedent "is, at best, ambiguous." *Mitchell v. Esparza,* 540 U.S. at 17.

18.    Under 28 U.S.C. § 2254(d)(1), a state court decision involves an "unreasonable application" of Supreme Court precedent  if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. at 413.  However, "a federal habeas court may not issue [a writ of habeas corpus] simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. at 75-76 (internal quotations and citations omitted).  "Rather, that application must be objectively unreasonable."  *Id.* at 76.

19.    Under 28 U.S.C. §§ 2254(d)(2) and (e)(1), a state court decision is based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" only if it is shown by "clear and convincing evidence" that the factual finding is incorrect. *See Wiggins v. Smith*, 539 U.S. 510, 528 (2003).

20.    The deferential AEDPA standard of review applies to habeas claims that were adjudicated on the merits in state court proceedings.  *See* 28 U.S.C. § 2254(d).  If the state court did

---

[29]*See Cook v. McKune*, 323 F.3d 825, 830-831 (10th Cir. 2003); *see also Chadwick v. Janecka*, 312 F.3d 597, 606 (3d Cir. 2002) (discussing that in *Weeks v. Angelone*, 528 U.S. 225 (2000), the Supreme Court applied AEDPA standards of review to a claim the state court dismissed summarily without any explanation of how it reached its decision); *compare Morris v. Burnett*, 319 F.3d 1254, 1267 (10th Cir. 2003) ("[w]hen the state court addresses the great bulk of the issues raised by the petitioner's brief in that court but omits to address a particular claim, we have inferred that the claim was not decided 'on the merits' in the state court . . . [and,] [t]herefore, we do not apply the deferential review set forth in 28 U.S.C. § 2254(d) with  respect to that claim.")

not adjudicate a claim on the merits, and the claim is not otherwise procedurally barred, a federal court reviews the claim *de novo* under the pre-AEDPA standard of review.  *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999)).  Under the pre-AEDPA standard of review, a state court's findings of fact are afforded a presumption of correctness and both legal conclusions and mixed questions of law and fact are reviewed *de novo*. *See Castro v. Ward*, 138 F.3d 810, 815-816 (10th Cir. 1998).  "[T]he presumption of correctness will continue to apply to any findings of fact underlying mixed questions."   *Id.* at 816 (quoting *Case v. Mondragon*, 887 F.2d 1388, 1393 (10th Cir. 1989)).  See *also* 2 Randy Hertz and James S. Liebman, Federal Habeas Corpus Practice and Procedure, § 32.1, at 1565 (5th ed. 2005) (if § 2254 habeas claim was not adjudicated on the merits, federal court must employ pre-AEDPA standard of *de novo* review of legal and mixed legal-factual rulings).

### B.  Analysis

21.    Subject to the foregoing standards, the Court considers Mr. Castillo's claims in this proceeding.

### 1.  State's Failure to Obtain a Written Plea Agreement

22.    For his first claim, Mr. Castillo contends that the State erred in his criminal case by failing to obtain a written plea agreement as required by Rule 5-304 NMRA and an unspecified grand jury manual.[30]

---

[30]*See* Application (*Doc. 1*) at 6, and hand-written attachment to Application (*Doc. 1*) at 1.

23.     This Court may entertain Mr. Castillo's claims under § 2254 only on the ground that

he is in custody in violation of the United States Constitution or a federal law or treaty.[31]  "Thus, the

only injury that will suffice to support a petition for habeas corpus relief is an injury to a petitioner's

federally protected right; state law injuries cannot and do not suffice."[32]  While it is true that Rule 5-

304 NMRA requires that a plea agreement "be reduced to writing substantially in the form approved

by the [New Mexico] Supreme Court,"[33] Mr. Castillo does not allege in his Application that his

federal constitutional or statutory rights were violated by this alleged violation of a state procedural

rule.  Consequently, the Court concludes that this claim, which is based solely on an alleged violation

of a state procedural rule, is not actionable under § 2254.

24.     Mr. Castillo also contends that the State erred in his criminal case by failing to obtain

a written plea agreement as required by an unspecified grand jury manual.  Mr. Castillo does not

explain how the provisions of a grand jury manual were applicable to his entry of a guilty plea.  Nor

does he explain how the alleged violation of this supposed requirement violated his federal

constitutional or statutory rights.  The Court cannot identify the grand jury manual to which he refers

or determine whether it has been adopted as a matter of state law in New Mexico.  However, even

if the Court were to assume that a grand jury manual, as a matter of state law, required a written plea

---

[31]*See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

[32]*Harvey v. Shillinger*, 76 F.3d 1528, 1534 (10th Cir. 1996), citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (federal court may not issue a writ of habeas corpus based on "a perceived error of state law"); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief is available only to those held in custody in violation of federal constitutional or statutory law; it is not available to remedy alleged violations of state law).

[33]Rule 5-304(B) NMRA; *see also* Rule 5-304(H) NMRA ("A plea and disposition agreement . . . shall be submitted substantially in the form approved by the [New Mexico] Supreme Court.").  The form of plea and disposition agreement currently approved by the New Mexico Supreme Court for use in New Mexico can be found at Form 9-408 NMRA.

agreement in Mr. Castillo's criminal case, the alleged violation of that requirement would be a violation of state law which is not actionable under § 2254.[34]

25.     Based on the foregoing, the Court concludes that Mr. Castillo's first claim is not actionable under § 2254 because it is based solely on alleged violations of state law.  Accordingly, Mr. Castillo is not entitled to relief on this claim.

### 2. Violation of Right to Effective Assistance of Counsel

26.     For his second claim, Mr. Castillo contends that his attorney's performance was constitutionally ineffective because he failed to ensure that Mr. Castillo's plea agreement was in writing as required by Rule 5-304 NMRA.[35]  He also contends, in a conclusory allegation, that his oral plea agreement was not a contract and was unreliable because it was not reduced to writing.[36]

27.     In evaluating an ineffective assistance of counsel claim, an attorney's performance, at either the trial or appellate stage, is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).[37]  To prevail on an ineffective assistance claim under the *Strickland* standard, Mr. Castillo must show that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) he was prejudiced by the attorney's deficient performance.  *Id.* at 687-88.  Both showings must be made to satisfy the *Strickland* standard.  *Id.* at 687.  To demonstrate unreasonable performance, Mr. Castillo must show that his attorney made

---

[34]*See Harvey v. Shillinger*, 76 F.3d at 1534; *Estelle v. McGuire*, 502 U.S. at 67-68.

[35]*See* Application (*Doc. 1*) at 7, and hand-written attachment to Application (*Doc. 1*) at 2.

[36]*See* hand-written attachment to Application (*Doc. 1*) at 2.

[37]Although *Strickland* established standards for determining effective assistance of counsel at the trial level, the same standards are applied in determining effective assistance of appellate counsel.  *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

"errors so serious" that his performance could not be considered "reasonable[ ] under prevailing professional norms." *Id.* at 687-88.  Moreover, a showing of unreasonable performance requires that Mr. Castillo overcome the strong presumption that his attorney's conduct was within the wide range of reasonable professional assistance. *Id.* at 689.  To demonstrate prejudice, Mr. Castillo must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors. *Id.* at 694. Additionally, because Mr. Castillo pled guilty, the prejudice prong of the *Strickland* standard requires him to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court does not have to address both prongs of the *Strickland* standard if the defendant makes an insufficient showing on one of the prongs.  *Strickland*, 466 U.S. at 697.

28.     Applying the *Strickland* standard to Mr. Castillo's ineffective assistance of counsel claim, the Court finds no merit to the claim.  Even if the Court assumes that the attorney's failure to obtain a written plea agreement constituted unreasonable performance, Mr. Castillo has failed to make the requisite showing of prejudice.  Mr. Castillo does not allege, and he has made no showing in his submissions, that there is a reasonable probability that he would not have pled guilty and would have insisted on completing his trial if his attorney had required that the plea agreement be in writing. Moreover, the tape recording of Mr. Castillo's plea proceeding, including his own testimony under oath with representation by his attorney, indicates that he was well-informed about the plea and its consequences by Judge Brack, and that his guilty plea was knowing and voluntary.[38]  Nor does the

---

[38]A guilty plea is only constitutionally valid if it is voluntary and intelligent.  *Bousley v. United States*, 523 U.S. 614, 618 (1998), citing *Brady v. United* States, 397 U.S. 742, 748 (1970).  During Mr. Castillo's plea (continued...)

13

Court find any merit to Mr. Castillo's conclusory allegation that his oral plea agreement was not a contract and was unreliable because it was not made in writing.  As a matter of federal law, oral plea agreements are legally valid and enforceable even though they are not reduced to writing.[39] Consequently, the Court concludes that Mr. Castillo is not entitled to relief on his ineffective assistance of counsel claim under § 2254.

### 3.  Prosecutorial Misconduct

29.     For his third claim, Mr. Castillo contends that the  prosecutor in his criminal case engaged in prosecutorial misconduct by failing to secure a written plea agreement.[40]  This claim is extremely brief and conclusory and Mr. Castillo cites no legal authority in support of this claim.  To succeed on a habeas claim of prosecutorial misconduct, Mr. Castillo must show that the prosecutor's conduct rendered his trial or sentencing fundamentally unfair.  *Short v. Sirmons*, 472 F.3d 1177, 1195 (10th Cir. 2006), citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974).  Mr. Castillo offers no explanation of how the prosecutor's failure to obtain a written plea agreement rendered Mr. Castillo's trial, which was not completed because he entered a guilty plea, or his sentencing fundamentally unfair and thereby violated his federal constitutional rights.

---

[38](...continued)
proceeding, Judge Brack addressed Mr. Castillo and questioned him under oath to ensure that his plea was knowing and voluntary. *See* Tape No. 7. Judge Brack also informed Mr. Castillo of the rights he would be giving up by pleading guilty, including the right to an appeal, and explained the nature of the charges to which he would plead guilty and the maximum penalty for those charges.  Judge Brack explained the terms and conditions of the plea, and Mr. Castillo agreed to the terms and conditions.  When Judge Brack questioned Mr. Castillo about his attorney, Mr. Castillo indicated that he had no complaints about his attorney.

[39]*See United States v. Graham*, 466 F.3d 1234, 1239 (10th Cir. 2006) ("oral plea agreements are far from ideal; but they are valid"); *see also Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003) ("The terms of oral plea agreements are enforceable, as are those of any other contracts, even though oral plea agreements are not encouraged by reviewing courts.").

[40]*See* Application (*Doc. 1*) at 9, and hand-written attachment to Application (*Doc. 1*) at 3.

30.     Mr. Castillo's *pro se* status does not relieve him of the obligation to allege sufficient facts on which a recognized legal claim can be based and conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Although his *pro se* Application must be liberally construed, the Court is "not required to fashion [his] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments."  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d at 1110).  Because Mr. Castillo's Application provides no basis for determining the nature of his prosecutorial misconduct claim, the Court concludes that he is not entitled to habeas relief on this claim.

### 4.  Abuse of Discretion

31.     For his fourth claim, Mr. Castillo contends that Judge Brack abused his discretion by not requiring that the plea agreement between the State and Mr. Castillo be in writing.[41]  He argues that the oral plea agreement was "not an appropriate contract" and that it failed to comply with Rule 5-304 NMRA.[42]

32.     Mr. Castillo cites no legal authority in support of this claim, other than Rule 5-304 NMRA, and he fails to explain how the lack of a written plea agreement violated his federal constitutional or statutory rights.  As discussed above, oral plea agreements are not legally invalid or unenforceable as a matter of federal law and the violation of a state procedural rule is not actionable under 28 U.S.C. § 2254.  Consequently, the Court concludes that this claim is not cognizable under § 2254.

---

[41]*See* Application (*Doc. 1*) at 9, and hand-written attachment to Application (*Doc. 1*) at 3.

[42]*See* hand-written attachment to Application (*Doc. 1*) at 3.

## C.  Conclusion

33.     For the foregoing reasons, the Court finds that Patricia Madrid, who does not have custody of Mr. Castillo, is not a proper respondent in this case and should be dropped as a named respondent.  Additionally, the Court finds that federal habeas relief is not warranted on Mr. Castillo's claims.  Mr. Castillo has failed to establish that the adjudication of his claims on the merits in the State court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.[43]

### RECOMMENDED DISPOSITION

The Court recommends that *Respondents' Motion to Strike Patricia A. Madrid, Attorney General, as a Named Respondent* (*Doc. 7*) be **GRANTED** and that Patricia Madrid be deleted as a respondent in this case.  Additionally, the Court recommends that *Respondent's[sic] Motion to Dismiss Petition With Prejudice* (*Doc. 8*) be **GRANTED**, Mr. Castillo's *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody* (*Doc. 1*) be **DENIED** as without merit, and this case be **DISMISSED WITH PREJUDICE**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**

---

[43]*See* 28 U.S.C. §§ 2254(d)(1)-(2).

16