IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SIXTO CASTILLO,**

        **Applicant,**

v.                                                                          CIV-06-0811 BB/LAM

**TIMOTHY HATCH, et al.,**

        **Respondents.**

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (*Doc. 19*)

**THIS MATTER** is before the Court on the Magistrate Judge's proposed findings and recommended disposition (hereinafter, "PF&RD") (*Doc. 19*), filed on July 23, 2007. Applicant Sixto Castillo filed timely objections (*Doc. 20*) to the PF&RD and the deadline for filing objections has passed. Respondents did not file any objections to the PF&RD. The Court has conducted a *de novo* review of those portions of the PF&RD to which Mr. Castillo objects and finds that the objections are without merit. Accordingly, the Court has determined that it will adopt the PF&RD; grant Respondents' motion to strike Patricia A. Madrid, Attorney General, as a named respondent (*Doc. 7*); delete Patricia A. Madrid as a respondent in this case; grant Respondents' motion to dismiss Mr. Castillo's habeas application with prejudice (*Doc. 8*); deny Mr. Castillo's habeas application (*Doc. 1*) as without merit; and enter a judgment dismissing this case with prejudice.

*Analysis*

Mr. Castillo, who appears *pro se*, filed three-pages of objections to the PF&RD with an exhibit attached (*Doc. 20*). Although the exhibit is not authenticated or specifically identified, it

appears to be an excerpt from a United States Department of Justice manual for federal grand jury proceedings and federal plea proceedings.  In his objections (*Doc. 20*), Mr. Castillo objects to the Magistrate Judge's recommendations to grant Respondents' motion to dismiss, to deny Mr. Castillo's habeas application and to dismiss this case with prejudice; however, Mr. Castillo does not object to the Magistrate Judge's recommendations to grant Respondents' motion to strike former New Mexico Attorney General Patricia A. Madrid as a respondent in this case and to dismiss her from this case.

In his objections to the PF&RD, Mr. Castillo repeats arguments similar to those that he made in his habeas application.  First, he argues that judges are required by oath and Article VI of the United States Constitution to comply with the law and that Rule 5-304 NMRA of the New Mexico rules of criminal procedure is a law which requires that his state plea agreement be in writing.  However, as the Magistrate Judge noted in the PF&RD, this Court may entertain claims under 28 U.S.C. § 2254 only on the ground that Mr. Castillo is in custody in violation of the United States Constitution or a federal law or treaty.  *See* 28 U.S.C. § 2254(a).  State law injuries are not cognizable in a § 2254 proceeding.  Consequently, this objection, which is based solely on a violation of state law, is not actionable under § 2254.

Second, Mr. Castillo argues that a legal authority which he describes as "Rule 11(a)(2) F" at page two of his objections (*Doc. 20*) is a federal law which required that his state plea agreement be in writing.  This appears to be a reference to language on the twenty-third page of the exhibit to his objections (*Doc. 20*) which states, in relevant part, as follows:

> After a proposed plea agreement acceptable to the staff, section or field office chief and defense counsel has been reached, the agreement, of course, is (or already has been) reduced to writing.  The

> proposed agreement, with a copy of a proposed information (or indictment, if applicable), press release and a supporting memorandum are forwarded to the Office of Operations, under a cover memorandum from the section or field office chief.

Mr. Castillo provides no legal authority for treating this language from a grand jury manual as a federal law and he fails to explain how the provisions of a federal grand jury manual were applicable to his entry of a guilty plea in a New Mexico state trial court. Thus, this argument offers no federal legal basis for granting habeas relief to Mr. Castillo under § 2254.

Third, Mr. Castillo argues, in conclusory fashion, that the state trial judge in Mr. Castillo's criminal case abused his discretion by not requiring a written plea agreement and that the state prosecutor engaged in prosecutorial misconduct by not requiring a written plea agreement. The Court agrees with the Magistrate Judge that these arguments by Mr. Castillo are conclusory and, therefore, without merit. Mr. Castillo's application for habeas relief (*Doc. 1*) and his objections (*Doc. 20*) provide no basis for determining that he is entitled to federal habeas relief under § 2254 on grounds that the state trial judge abused his discretion or that the state prosecutor engaged in prosecutorial misconduct by not requiring a written plea agreement.

Fourth, Mr. Castillo argues that his trial attorney's performance was constitutionally ineffective, apparently by failing to require a written plea agreement. This appears to be a reiteration of Mr. Castillo's argument in his habeas petition that the attorney was ineffective because a written plea agreement was required by Rule 5-304 NMRA of the New Mexico rules of criminal procedure. In assessing this claim, the Court agrees with the Magistrate Judge that this claim has no merit under the standard established in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). As the Magistrate Judge concluded, even if it were assumed that the attorney's failure to obtain a written

plea agreement constituted unreasonable performance, Mr. Castillo has failed to allege and has made no showing that there is a reasonable probability that he would not have pled guilty and would have insisted on completing his trial if his attorney had required that his plea agreement be in writing. Thus, Mr. Castillo has not alleged or made the requisite showing of prejudice required by *Strickland*.

Fifth, at the end of his objections, Mr. Castillo refers to paragraph thirty-seven on page thirty of the exhibit to his objections. This appears to be a reference to language on the thirtieth page of the exhibit to his objections (*Doc. 20*) which states:

> 37. Before presenting any plea agreement with a corporation to the court, the staff should obtain a resolution of the board of directors approving the agreement and authorizing the corporate representative signing the agreement to do so on behalf of the corporation and authorizing that individual or counsel to enter a plea of guilty. This ensures that there will be no question later about the validity of the agreement. Many judges require that such a resolution be made a part of the record before accepting a corporate guilty plea tendered pursuant to a plea agreement.

Mr. Castillo fails to explain how this provision, which by its terms applies to plea agreements with corporations, was either applicable to his guilty plea as an individual or to the validity of his guilty plea. Nor does he explain how this provision was applicable to his guilty plea in state court. Additionally, he cites to no legal authority for treating this language from a grand jury manual as a federal law. Thus, the Court concludes that this objection has no merit.

## *Conclusion*

For the reasons set forth above, the Court finds that the arguments in Mr. Castillo's objections are without merit. The Court will adopt the PF&RD, grant Respondents' motion to strike and delete Patricia A. Madrid as a named respondent in this case, grant Respondents' motion to

dismiss Mr. Castillo's application for habeas relief with prejudice, deny Mr. Castillo's application for habeas relief as without merit, and enter a judgment dismissing this case with prejudice.

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 19*) are **ADOPTED** by the Court;

2. Respondents' Motion to Strike Patricia A. Madrid, Attorney General, as a Named Repondent (*Doc. 7*) is **GRANTED**, and Patricia A. Madrid is deleted as a named respondent in this case;

3. Respondent's[sic] Motion to Dismiss Petition With Prejudice (*Doc. 8*) is **GRANTED**;

4. Mr. Castillo's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (*Doc. 1*) is **DENIED** as without merit; and

5. This case be **DISMISSED WITH PREJUDICE** in a final judgment entered concurrently with this order.

**IT IS SO ORDERED**.

_____
**HONORABLE BRUCE BLACK**
**UNITED STATES DISTRICT JUDGE**